UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 2:22-cv-01285-MMD-VCF<br><br>ORDER |

　　　*Pro se* Petitioner Matthew Travis Houston has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 and an application to proceed in district court without paying fees or costs ("Application"). (ECF Nos. 1, 1-1.) This Court summarily dismisses this action because Houston has not properly commenced it and the Petition is patently meritless.

　　　This Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if the prisoner submits an application to proceed *in forma pauperis* on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a); LSR 1-1; LSR 1-2. Although Houston provided a financial certificate signed by an authorized prison official and a copy of his account statement for the six-month period prior to filing, Houston's Application was on the wrong form. (ECF No. 1.) Houston should have filed an application to proceed *in forma pauperis* by an inmate under 28 U.S.C. § 1915, not an application to proceed in district court without paying fees or costs. As such, Houston has not properly commenced this action.

This Court has also examined Houston's Petition and found that it lacks merit. This Court may grant a writ of habeas corpus to a person in state custody[1] only if the person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(3); 28 U.S.C. § 2254(a). Houston's Petition is nearly inscrutable. As best as this Court can tell, the Petition does not set forth any potentially meritorious claim that his custody violates federal law.

It is therefore ordered that Petitioner's application to proceed in district court without paying fees or costs (ECF No. 1) is denied.

The Clerk of Court is directed to (1) file the Petition (ECF No. 1-1), (2) add Aaron D. Ford, Attorney General of the State of Nevada, to the docket for this case, as counsel for Respondents, and (3) serve Respondents with a copy of the Petition (ECF No 1-1), a copy of this order, and all other filings in this case.

It is further ordered that the Petition (ECF No. 1-1) is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED THIS 16th Day of August 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Houston is currently serving a 24 to 96 month sentence under a December 8, 2021, judgment of conviction entered by the Eighth Judicial District Court of Nevada in *State of Nevada v. Matthew Houston*, Case No. C-21-357927-1.

2