UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>                Petitioner,<br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>                Respondents. | Case No. 2:22-cv-01285-MMD-VCF<br><br>ORDER |

       This closed habeas matter is before the Court on *pro se* Petitioner Matthew Travis Houston's motion for reconsideration, motion summoning Daniel J. Albregts, motion summoning Jennifer A. Dorsey, and emergency supplement. (ECF Nos. 31, 32, 33, 34 ("Motions").) On August 16, 2022, the Court dismissed Houston's petition for a writ of habeas corpus without prejudice because Houston did not properly commence this action and his petition was patently meritless. (ECF No. 3.) Judgment was entered and the case was closed. (ECF No. 5.) On August 31, 2022, Houston filed a notice of appeal with the Ninth Circuit Court of Appeals. (ECF No. 11.) Following Houston's notice of appeal, he filed eight frivolous motions in this Court. (ECF Nos. 12, 16, 18, 20, 22, 23, 25, 28.) The Court denied each of those eight motions without prejudice because the Court lacked jurisdiction in light of Houston's appeal. (ECF Nos. 14, 17, 19, 21, 24, 27, 29.) On January 25, 2023, the Ninth Circuit Court of Appeals denied Houston a certificate of appealability. (ECF No. 30.)

       Under Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment or order for the following limited reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. The Court has reviewed Houston's initial petition and its dismissal order and finds that it did not err in dismissing this case. Moreover, Houston's Motions are nonsensical. If Houston wishes to seek relief in this Court, he must file a new action, with a new case number, on the correct court-required form accompanied by the filing fee or a fully completed *in forma pauperis* application.

This action has been, and remains, closed. The Court will direct the Clerk of Court to designate Houston as a restricted filer in this matter and to not accept any further filings in this closed action other than a notice of appeal from this order.

It is therefore ordered that Houston's motion for reconsideration, motion summoning Daniel J. Albregts, and motion summoning Jennifer A. Dorsey (ECF Nos. 31, 32, 33) are denied.

The Clerk of Court is directed to designate Petitioner Matthew Travis Houston as a restricted filer in this matter and the Clerk will return unfiled any further papers submitted by Houston in this matter other than a notice of appeal from this order.

It is further ordered that, to the extent required, a certificate of appealability is denied, as jurists of reason would not find the district court's disposition of Houston's motions to be debatable or incorrect.

DATED THIS 9th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE